[Civ. No. 1907. First Appellate District.—March 22, 1917.]

EDWARD L. SOULE, Respondent, v. NORTHERN CONSTRUCTION COMPANY (a Corporation), Appellant; ALBERT ABRAMS et al., Respondents.

BUILDING CONTRACT — INSTALLATION OF REINFORCING STEEL—REQUIREMENTS OF SUBCONTRACTOR.—Where a contract for the construction of a garage requires the contractor to construct a concrete building, to be reinforced by steel bars, fabric stirrups, and tying wire, and the specifications provide that bars will be used in all footings, beams, girders, walls, but in no floor or roof slabs, a subcontractor who takes over the contract for the general installation of the reinforcing steel for the building, is required to install reinforced steel bars or fabric in the floor and roof slabs entering into the construction of the building, where his contract requires him "to furnish and set in place in a workmanlike manner all reinforcing steel bars, tying wire, etc., required to be used in the construction of that certain building to be erected on the lands hereinafter described in accordance with the plans and specifications for the construction of said building"; as the expression "etc." means "other reinforcing material," which includes fabric.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

N. A. Dorn, for Appellant.

Jordan & Brann, for Respondent Edward L. Soule.

Henry Ach, for Respondent Albert Abrams.

Cushing & Cushing, for Respondent First Federal Trust Co.

KERRIGAN, J.—This is an action to foreclose a mechanic's lien. From the judgment given and entered against it the defendant Northern Construction Company has appealed.

The sole point in the case is whether or not, under a fair construction of a contract entered into between the plaintiff and said company the former was required to install reinforced steel bars or fabric in the floor and roof slabs entering into the construction of a certain building. From the record it appears that the Northern Construction Company on the twenty-first day of April, 1913, entered into a written contract with Albert Abrams for the construction of a garage upon a lot in San Francisco. Under the terms of this contract the company was required to construct a concrete building, to be reinforced by steel bars, fabric stirrups, and tying wire. In the specifications, which were a part of the contract, there was a general provision reading: "Bars will be used in all footings, beams, girders, walls, but in *no floor or roof slabs.*" Following upon the execution of this contract the company entered into a contract with plaintiff, who was a dealer in and a contractor for the installation of reinforcing steel, by the terms of which plaintiff agreed "to furnish and set in place in a workmanlike manner all reinforcing steel bars, tying wire, etc., required to be used in the construction of that certain building to be erected on the lands hereinafter described in accordance with the plans and specifications for the construction of said building." It is the contention of the plaintiff that under the terms of this contract he was not required to furnish and set in place reinforcing steel for the floors and roof of the building.

Before discussing this point it may not be amiss to say that a slab in concrete construction is that portion of the structure underneath and supporting the floor and extending between the beams and girders. The beams support the slabs, while the girders are what are commonly termed the long supports which run a few feet apart longitudinally through the interior of the building, and which are generally supported by the columns. Reinforcing steel bars are small sections of steel made into straight or twisted bars, which are embedded in the concrete to take up the tensional and shearing strains which are due to the longitudinal load of the structure where such strains are encountered. Tying wire is No. 16 black fencing wire, and is used to fasten the steel together. Fabric

consists of a union of drawn wires made up in rows. In passing it may also be stated that no personal judgment is sought against Albert Abrams or against the First Federal Trust Company. They are merely formal parties defendant to the action.

Under one provision of the specifications no bars are to be used in the slab reinforcement of the floors and roof, while under another provision it is optional with the contractor as to whether or not in the slab reinforcement of the floors and roof bars or fabric shall be used. There is a conflict between those two provisions of the specifications; but the provision stating that no bars shall be used in the floor and roof reinforcement is general in its character, while the other provision refers specially to floors and roof, and perhaps that provision therefor should control as to the nature of the work to be done on that part of the building. We have no doubt, however, but that under these two provisions the original contractor was required to furnish and set in place either bars or fabric for the floor and roof reinforcement; and this, of course, is required of the subcontractor unless, as asserted by him, the expression "etc." found in his contract is without force, and means nothing.

He took over the contract for the general installation of the reinforcing steel for the building; and when he did so it was doubtless expected that all work of that character would be done by him; and we think this contract when fairly construed so provides. The contract requires him to furnish and set in place all the reinforcing bars, tying wire, "etc.," according to the plans and specifications for the building. The words *et cetera,* abbreviated to the form etc., are said by Webster to be equivalent to the phrase "others of like kind; and the rest; and so on." In the case of *Gray* v. *Central R. R. Co.,* 11 Hun (N. Y.), 70, 75, it was held that the term "etc." as used in a contract for the sale of a boat, where the parties agreed to take the boat "provided upon trial they were satisfied with the soundness of her machinery, boilers, etc.," meant "other things" referring to other material parts of the boat. The expression "etc." as used in the contract before us certainly must have been used for some purpose; and we think it means "other reinforcing material," which, of course, would include fabric. There is nothing in the case which would warrant us in holding the term to be meaningless. In

our opinion its effect, taken in connection with the provision of the specifications above quoted, was to require the contractor to furnish and install bars or fabric in the slab reinforcement of the floor and roof. We think the trial court was in error in exempting the plaintiff from this obligation, and that the judgment should be reversed. It is so ordered.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917.